Gemini Insurance v. Castro Let's hold on a moment, Mr. Keeley, and let that body get settled. May it please the Court, as you all know, the issue here is whether there's insurance coverage for Jerry Morrella and his employer, Freddie Payne, LLC, which is dependent on whether they come within the definition of an insured under Section 2 of the policy. And as Your Honor is aware from looking at the brief, subsections 2b and c provide insurance coverage for anyone else using with permission a covered auto and for anyone liable for the conduct of the permissive driver, but only to the extent of that liability. So this language clearly establishes that both Morrella and Freddie Payne are insured under the policy, because the trailer at issue was a covered auto, Morrella had permission from Gemini's insured Stafford Transport to use the trailer, and Freddie Payne is vicariously liable for Morrella's conduct. I didn't understand your adversary to disagree with what you said so far. The question is whether or not there's an exclusion in the policy. Yes. And that isn't the last two lines of Section 2, the elephant in the room? The last two lines, that's the elephant in the room. So that if the district court is correct in reading those two lines to apply to all of the sections, right, as opposed to only Paragraph 3, then there'd be an exclusion from the two paragraphs, three paragraphs you just read that provided for coverage. I mean, it isn't just a sort of, as the presiding judge mentioned in an earlier case, cut to the chase. Doesn't this case turn entirely on whether we agree with the district court's reading of the contract? Yes. Yes. So if we decide that no person or organization, blah, blah, blah, the last two lines applies to the entirety of Section 2, then you don't have a case? Correct. Okay. I agree with that. But, you know, what judge- It's not indented. This language is not indented. That makes, to me, just from the reading of the text, that's pretty significant. Yeah. But, Your Honor, what- No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture, or limited liability company that is not shown as a name insured in the declarations. That's, that regulates, because it's not indented, everything that comes before, isn't it? Doesn't it? Yeah. But the thing is, is this was, is an exclusion, and when you do an exclusion, you have to be explicit. Well, it's a basket case exclusion, because if you look at paragraph, in Section 2, big Roman 2, Section 2, where we're talking about you find coverage under B and C, then there are exclusions, right? Correct. So, if you're a partner, okay, in some instances, you're excluded. If you are a member of a limited liability company, you are excluded, right? So the earlier part of the contract calls for exclusions in the categories of partnerships, joint ventures, limited liability. So that would be for the partner. So if you want to pick up the employee of a partner or the employee of an LLC, you need the last two lines of the paragraph to get them. So it seemed to me that the contract is speaking of exclusions with regard to LLCs and partnerships and joint ventures up in the earlier section where they're targeting specific, like the partner, but only if it's your own car. So they have some specific targeted exclusions that cover these categories, but they didn't have a specific place to get, like employees, like the driver of this car. So they dropped down into the last two lines to clean it up, if you will. Well, that's how I read the contract. What you read from in Subsection 1, you'll see it says, except for liability arising out of the ownership, maintenance, or use of covered auto. And what they're saying is, Gemini contends that the words, with respect to the conduct of an LLC, means employees acting in furtherance of the LLC's business. No reasonable person, the test is what would a reasonable insured read that? That is adding to what's not in there. Also this is contrary to Georgia law. Under Georgia law, the negligence of an employee in operating a vehicle is only imputed to the employer, not, vicarious liability is not based on the conduct of the employer. It is based on the conduct of the driver. For instance, I represent Federal Express Corporation, and if there's a truck out there and you don't know the driver, somehow the driver runs away, and there's big FedEx signs out there, you can't sue FedEx for negligent operation of that truck. You have to establish who was driving it, where the employee, were they acting within the course and scope of their employment. But with respect to negligence, maintenance, hiring, supervision, training, and trust- Morello's been sued for his acts and omissions in the scope of his employment, right? You sue the driver for their own actions. Yeah, but I mean, but the allegation is that it was in the scope of his employment, right? Correct, correct, correct. But if you look at the law- So he's a person who acted with respect to the conduct of the LLC, right? No, no, not on that. I mean, the LLC is only liable if it shows specific things, like were they acting within the course and scope of their employment. But the allegation is that he was. That's why we have a coverage dispute. Yes, but I mean, it's not considered the conduct of the employer. It is if he was acting within the scope of his employment. That's the only way to impute liability on the employer. It doesn't establish liability of the employer. That's a big difference. And like negligent maintenance- He has to be negligent in what he does in the scope of his employment, but there's that allegation too. Yes, but it's not considered, like if you have like a mechanic- It's considered if it's in the scope of his employment, if his negligent act is within the scope of his employment, right? Yes, but I mean- And that's the allegation in the suit, right? Yes, but this LLC limitation does not, aside the cases, Mid-Continent Casualty Company, Burns, Bott, Austin Keller, they all said it's not applicable when they ensured that a suit is based on its own personal liability rather than being sued based on the acts of the LLC. I mean, this, the whole premise- But he's not being sued based on the acts of an LLC, and I think there is a difference in that. For whom did he work? He worked for Freddie Payne. Did not work for an LLC? Yes, it is an LLC. Okay. But- I'm having a hard time following this. The thing is, you got to harmonize under Georgia law, you got to harmonize all the provisions of the policy. And subsection two of the policy covers the vicariously liable employer of a permissive driver without any limitation on the type of legal entity the employer is. Unless included. Well- I mean, that's the way most insurance contracts read, and you harmonize when there are clauses that may be in conflict, and you try to interpret the contract as a whole to save it all. Yeah, and it's- And I've seen it. And I've seen it. That's why I asked you the question, sir, when we first began, so we found out, you know, where's the, on the decision tree, where does the cookie crumble? And you said that if we agreed with the district court's reading of this contract, the case was over. Well, Your Honor, subsection two can be harmonized with this LLC limitation to limit insurance coverage for even covered auto claims if the asserted claims are other than vicarious liability, such as negligence maintenance, negligent hiring, and the like. That is, those are considered independent negligent acts of the company. In all lawsuits, if you hit, on these driving cases, you sue the employer for vicarious exclusion refers to a person or organization, right, with respect to the conduct of an LLC. The allegation is that the person was acting within the scope of the employment of an LLC. I don't see what's unclear about that. Well, I mean, to me, if the LLC limitation is construed as urged by Gemini, then it would render meaningless the words, anyone liable for the conduct of the permissive driver, but only to the extent of that liability. Why have that in there when you have that catch-all? And Your Honor, you always look at the intent of the parties. No, what I do is I read the language, I read the text, and that tells me what the parties agreed to. And I just don't see any ambiguity in the text of this policy, in the text of this exclusion. Well, I mean, why have that omnibus clause and then take it away? I think you draft a policy where the reasonable insured would understand, and you see this all the time. What they should have done, if they meant that, is put on section, you know, in the omnibus clause, your anyone means except for as limited elsewhere in this policy. No, I mean, what you do is you put it at the end after you've defined all that, and then you have an exclusion that's not indented, that clearly, therefore, regulates everything within the scope of the section, and excludes everything that's been, you know, it takes out a portion of what has earlier been defined. That's how exclusions work. Exclusions are always based on risk. I mean, insurance companies is based on risk. Here, they knew what the risk was, that people, unknown people, and their unknown employers were going to be using these covered vehicles. This is not a hidden risk that you see this LLC limitation being applied in the past. And I discussed all these cases where they address why that's in there, and that doesn't fit here. Thank you, Mr. Paving. You saved three minutes for rebuttal. Mr. Saverin. Yes, good morning, may it please the Court. We really do think that this is a rather simple case of contract interpretation. I did want to put a little bit of context so that the Court would understand a little better perhaps how we got to where we are. Carroll County had hired a company called ETC to haul waste to a landfill in Polk County, Georgia. This accident happened at the landfill when Mr. Castro, I'm sorry, Mr. Morella was operating this vehicle and unfortunately it ran into Mr. Castro. What's the relationship between Stafford and Freddie Payne? That's what I'm going to explain next. ETC, in turn, had hired Stafford to actually do the hauling of the waste. Stafford hired Freddie Payne to drive its trailers. So the trailer that was... Freddie Payne, like an employment agency? Freddie Payne LLC. Pardon me? Well, I know it's an LLC, but what kind of business is it in?  It's a trucking company in Alabama. So Freddie Payne LLC provided the tractors to haul Stafford's trailers as well as the truck drivers. That's how Mr. Morella comes in. Mr. Morella was employed by Freddie Payne LLC. So the insurance is really trailing after the trailer, not the tractor? Exactly. Okay. That's what I didn't understand. Yes. I figured that that might not have been clear. I didn't see that in the briefs. It wasn't in the limited briefing. And that covers the entire vehicle. The policy that's covering the trailer includes the tractor. That's how... The tractor that did the damage, unless the trailer backed over the deceased, right? Correct. The tractor was owned by Freddie Payne LLC and Mr. Morella was operating it as an employee of Freddie Payne LLC. The only reason that Stafford's policy is implicated here is because the tractor was hauling its trailer. When your company sold the umbrella policy to Stafford, you had no idea that the LLC, Freddie Payne, was in existence. You knew... Correct. You agreed that Stafford could let somebody else haul their trailer around. You knew that Stafford might hire a tractor company to do the pulling and hire their driver. Correct. And I think Stafford might also have tractors and drivers. I think it just subcontracts out some of the work for various reasons. What's the purpose of the LLC exclusion, the one we've been talking about? It excludes partnerships, joint ventures, and LLCs, right? It leaves... Not all of them. What about... But a sole proprietorship would not be included in that? As well as an individual or a corporation, provided they're not listed. I just didn't know. Why is it that the policy picks on joint ventures, partnerships, and LLC? Well, I've given some thought to that. There really is not any... There's not any underwriting evidence in the record, but I mean, I can... Industry-wide, I'd look it up. It's a common provision in these types of policies. The only thing I can think of is that if they're not listed as a named insured, then the insurance company does not have the ability to look at their safety records, their drivers, things of that sort, the things they would do if they were listed as a named insured. If you look at this... That would be true for the corporation, too. It would be. It would be. So I'm not... That's why I'm saying I don't know exactly. I mean, is it easier to... Because the corporations typically in this field have to file more different reports and things and with state agencies so you can look them up? It could be. Whereas I think a sole proprietorship probably wouldn't have an obligation to make any safety type filing. It could be. It could be. But, you know, the point is proprietorship's included. So proprietorship's included, corporation's included, even though they're different. Yeah. I mean, the... Let me just also... It doesn't really matter, though, if the text is clear, right? Exactly. If the text is clear. I just was curious. It's a matter of education. I am, too. And maybe in another case where it's an underwriting issue, we'll encounter that. I also want to explain that Gemini is the third level in the tower of insurance. There was two policies under Gemini. Both of them paid their limits. There was canal insurance and then there was arch insurance. So this is a third level insurer. And also the liability... It doesn't tell us really anything about what we need to decide. No, it doesn't. It's just how to interpret the text. No, I'm just trying to get some context. Trying to understand how we got here. The liability case has stayed, so that's why we have this issue now is right for resolution. Let me just address some of the points that Mr. Peavy mentioned. The question about whether or not this is not a hidden risk, and we talked a little bit about the underwriting, but that's, I think, exactly... It was something that they contemplated, obviously, by having this in the form. So this is a risk that they did not want to take, and that's why it shows up in the form. As far as the issue of any distinction between Mr. Morella's conduct, negligence, and it being conduct of the limited liability company, I would say a couple of things. Mr. Morella has been sued, though, for acting in the course of his employment, right? Yeah, and there's no issue about that. And I think Mr. Peavy acknowledges that. In a number of the briefs in the court below, and I pulled out one of these, it's document 35 in the district court, it's a reply brief by Mr. Peavy's clients, says that Payne, which is the LLC, is being sued solely on the basis of Morella's conduct committed during the course and scope of his employment, and he goes on to say, and we agree with all this, that LLCs are responsible if the employees at the time of the injury were acting within the course and scope of employment and on the business of the LLCs. None of that is disputed here, so I think that it's clearly conduct of the LLC. There's no question that Morella was an employee of the LLC that was not listed on the policy at the time that the unfortunate injury occurred. As far as vicarious liability being any different, there's the Discover case that both parties rely on where it was the named insured was the named defendant. We don't have that here. Stafford was not named defendant in the underlying case. The named insured was the underlying defendant was being sued for vicarious liability of a joint venture that was not listed, and the court there said that it's clear and unambiguous that it doesn't apply. I can go through the cases, but they're in the briefs, but my point is that there's no case that says that this provision does not apply to the facts that we have, even where the party who's being sued, and of course, we don't have that here because Stafford, as I said, is not being sued for any negligence by the plaintiff in the underlying case. But we have case after case where the named insured, the additional insured, someone who falls within the scope of the definition of an insured is nevertheless not covered because of this provision. As far as harmonizing the different provisions, this is a limitation. You can call it an exclusion. You can call it a limitation. By definition, it takes away from what came before it. In order to give it meaning, any meaning at all, you have to apply that limitation to what came before it. To read it the way that Mr. Peavy advocates would really remove that provision from the policy in this particular situation, the same argument would apply to another. The same exact provision, Section 2 that he's talking about, that defines who is an insured for the operation of a vehicle, says you are an insured, you being the named insured. Well, you can't say that then this limitation cannot apply in that context if Stafford was sued for Freddie Payne's, if Stafford was involved in a joint venture that was not then listed on the policy. All these cases are very consistent, even in that situation. So where it says anyone, you can't just say, well, because this happens to be our case, that therefore we have to read it this way to find coverage. It doesn't work that way. The way that it works is you look to see what the policy coverage, you look to see what's alleged, and if they don't overlap, there's no coverage. I think Judge Batten clearly got it right in this case in a well-thought-out decision. If there are any questions, I'll see you the rest of the time. Thank you. Thank you. Mr. Peavy, you've got three minutes. Yes. Just briefly. This LLC limitation was put in because insurers were forming these joint ventures and then they were sued by the acts of this joint venture that insurance companies had no idea was going on. Clearly, they were being sued by the acts of this joint venture that was unknown. Here, the acts were Morella, and he's an insured as defined in the policy. Like I said, I cited these cases- Not in so far, though, as he has been sued for his conduct within the scope of his employment for the LLC. Well, we don't need to do that. We can drop that. We don't need to sue the pain. We can just sue the driver. That's just an allegation to get them in there. All we have to do is sue the driver because he's the one that's negligent. That's the point on that. But you sued him for acting on behalf of the LLC. No. We can do it. You did? Yeah, I know. You can do that, but you don't have to do that. That was your choice. You sued him in a particular capacity, not in his individual capacity. Well, we have sued him individually. If you look at the allegation to the point, we sued him for the negligent operation of his tractor trailer. We've also sued separately the Freddie Payne and alleged that they're responsible because he was acting within the course and scope of his employment. These cases I cite in the brief, there was four cases in there that said this LLC limitation does not apply when you're suing and insured, which Morella is, for his own personal liability. So I don't think you lose this LLC limitation. Even so, he is a person in respect to the conduct of LLC, so he falls in the definition under the last two lines of the paragraph. I disagree with that. I mean, he's- I know you disagree with it, but that's the plain meaning of the language of it. It says no person is insured with respect to the conduct of an LLC. Well, it's not the conduct of the LLC. This is the conduct of him. If you look at the back of his liability, and I deal with this all the time, there is no conduct. They're just- it arises out of the relationship. I mean, liability is imputed. There's actually no contact, conduct by the company. And it's different. Every other claim like negligent maintenance and all that, you can sue them directly even though they're done by employees. You cannot sue a Federal Express Corporation for negligent operation of a vehicle because they didn't operate it. Thank you. Thank you. We are in recess until tomorrow morning. All rise.